UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY RAY SHORT,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:09-CV-622

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Jimmy Ray Short's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court.

### I.

Movant was indicted on one count of possession with intent to distribute a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a). Movant pled guilty to the superseding indictment and was sentenced on November 24, 2008, to 60 months incarceration followed by three years supervised release. *United States v. Short*, Case No. 1:08-CR-95-1 (W.D. Mich.). Movant did not appeal and filed a motion to vacate his sentence under § 2255 on July 8, 2009.

### II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the

court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice" or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be

2

raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the Defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits, and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rules Governing Section 2255, Rule 4(b).

### III.

Movant seeks relief on two separate grounds of ineffective assistance of counsel: (1) counsel's lack of preparation related to the pre-sentence investigation report and the sentencing hearing, and (2) counsel's failure to file notice of appeal.

In his plea agreement, Movant agreed to waived certain rights to challenge his conviction or sentence on appeal or by collateral attack. The Court must accordingly address

whether Movant's § 2255 claims are barred by his plea agreement. "A defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The Sixth Circuit has held, in particular, that a movant's waiver by plea agreement of his right to collaterally attack his sentence is generally enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, waiver of collateral attack may be unenforceable "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel" because "it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Id.*

The plea agreement states:

> The defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence that is within or below the guideline range as determined by the Court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever, in exchange for the concessions made by the United States Attorney's Office in this plea agreement, except that the Defendant may appeal on grounds, preserved at sentencing, that the Court incorrectly determined the guideline range. The defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28 United States Code, § 2255.

(File No. 1:08-CR-95, Dkt. No. 14, Plea Agmt. ¶11.) Movant does not challenge the assistance of counsel in entering the plea agreement or the validity of the waiver.

Movant's first claim relates to alleged ineffective assistance of counsel in the sentencing process after the plea agreement was signed. In the plea agreement, Movant specifically waived his right to collaterally attack the "sentence and the manner in which it was determined." *Id.* A valid waiver of collateral attack includes "bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). "[T]here is nothing fundamentally unfair about holding the petitioner responsible for the waiver." *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996); *See United States v. O'Neal*, 100 F. App'x 427 (6th Cir. 2004) (applying the holding from *Davila* to a defendant's claim of ineffective assistance of counsel regarding counsel's conduct during the pre-sentence investigation). Movant is precluded from using the ineffective assistance of counsel claim to collaterally attack his sentence because he waived this right in his plea agreement. (File No. 1:09-CR-95, Dkt. No. 14, Plea Agmt. ¶ 11.) Accordingly, Movant's first claim will be summarily dismissed.

Movant's second claim of ineffective assistance of counsel for not filing a notice of appeal has not been clearly waived. In the plea agreement, Movant retained the right to appeal a sentence that was above the guideline range. (File No. 1:09-CR-95, Dkt. No. 14, Plea Agmt. ¶ 11.) At sentencing, the Court determined the guideline range to be 46-57 months. (File No. 1:09-CR-95, Dkt. No. 27, Sent. Tr. 14.) At the discretion of the Court, Movant was sentenced to 60 months of incarceration. (*Id.* at 14-15.) Movant asserts that he requested counsel to file a notice of appeal on the day after sentencing, and counsel failed

5

to file that appeal. (File No. 1:09-CV-622, Dkt. No. 2, Aff. of Movant.) "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). As a result, the court will "presume[] prejudice with no further showing from the defendant on the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Id.* at 484. Additionally, it is not necessary for Movant to state on what grounds that appeal would have rested. *Id.* at 486 (citing *Peguero v. United States,* 526 U.S. 23, 30 (1999) (O'Conner, J., concurring) ("To require defendants to specify the grounds for their appeal and show that they have some merit would impose a heavy burden on defendants who are often proceeding pro se in an initial [habeas] motion.")). The Movant must simply show that "but for counsel's deficient conduct, he would have appealed." *Flores-Ortega*, 528 U.S. at 486. Movant alleges that he requested a notice of appeal, and that but for counsel's failure to file the notice, Movant would have appealed his sentence. Because Movant did not waive his right to challenge a sentence above the sentencing guideline range in a direct appeal, he is not barred by his waiver from making a collateral attack on the ineffective assistance of his counsel for failing to file notice of an appeal.

Upon initial consideration of this motion, it does not plainly appear that Movant is not entitled to relief based on the second claim raised in his motion. Accordingly the Court will

request a response from the government to Movant's claim that he requested counsel file a notice of appeal and counsel failed to do so, constituting ineffective assistance of his counsel.

An order consistent with this opinion shall be entered.


Dated: September 23, 2010                               /s/ Robert Holmes Bell
                                                                             ROBERT HOLMES BELL
                                                                             UNITED STATES DISTRICT JUDGE