UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY RAY SHORT,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:09-CV-622

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Jimmy Ray Short's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court.

### I.

Movant was indicted on one count of possession with intent to distribute a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a). Movant pled guilty to the superseding indictment and was sentenced on November 24, 2008, to 60 months incarceration followed by three years supervised release. *United States v. Short*, Case No. 1:08-CR-95-1 (W.D. Mich. Nov. 24, 2008). Movant did not appeal and filed a motion to vacate his sentence under § 2255 on July 8, 2009.

### II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the

court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be

2

raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the Defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits, and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rules Governing Section 2255, Rule 4(b).

### III.

Movant seeks relief on two separate grounds of ineffective assistance of counsel: (1) counsel's lack of preparation related to the pre-sentence investigation report and the sentencing hearing; and (2) counsel's failure to file notice of appeal. Movant's first claim was barred by his plea agreement and has been dismissed. (Dkt. No. 5.)

Movant's second claim of ineffective assistance of counsel for not filing a notice of appeal has not been clearly waived. In the plea agreement, Movant retained the right to appeal a sentence that was above the guideline range. (File No. 1:09-CR-95, Dkt. No. 14, Plea Agmt. ¶ 11.) At sentencing, the Court determined the guideline range to be 46-57 months. (File No. 1:09-CR-95, Dkt. No. 27, Sent. Tr., 14.) At the discretion of the Court, Movant was sentenced to 60 months of incarceration. (*Id.* at 14-15.) Movant asserts that he requested counsel to file a notice of appeal on the day after sentencing, and counsel failed to file that appeal. (Dkt. No. 2, Aff. of Movant.) "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). As a result, the court will "presume[] prejudice with no further showing from the defendant on the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Id.* at 484. Additionally, it is not necessary for Movant to state on what grounds that appeal would have rested. *Id.* at 486 (citing *Peguero v. United States,* 526 U.S. 23, 30 (1999) (O'Conner, J., concurring) ("To require defendants to specify the grounds for their appeal and show that they have some merit would impose a heavy burden on defendants who are often proceeding pro se in an initial [habeas] motion.")). The Movant must simply show that "but for counsel's deficient conduct, he would have appealed." *Roe,* 528 U.S. at 486. Movant alleges that he requested a notice of appeal, and that but for counsel's failure to file the notice, Movant would have

4

appealed his sentence. Because Movant did not waive his right to challenge a sentence above the sentencing guideline range in a direct appeal, he is not barred by his waiver from making a collateral attack on the ineffective assistance of his counsel for failing to file notice of an appeal.

The government, in its response to Movant's motion, claimed that Counsel was not asked to file a notice of appeal on Movant's behalf. (Dkt. No. 7, 2.) Counsel submitted an affidavit stating that he does "not recollect" the Movant asking him to file a notice of appeal, and that his file does not reflect a request of that nature. (Dkt. No. 7, Attach. 1.) The government alleges that the Movant made no attempts to contact the court, Counsel, or anyone else to inquire about the status of his appeal. (Dkt. No. 7, 3.) However, while the government asserts that "[t]he Defendant's claim that he directed trial counsel to file an appeal is simply not as credible as trial counsel's claim that no such request was made," the government provides nothing more to show that Movant did not request that Counsel file the notice of appeal. (Dkt. No. 7, 3.) Instead, neither Movant or the government has shown any facts or proof of a contemporaneous document that would show Counsel's understanding that Movant did or did not request Counsel file the notice of appeal.

Neither party has addressed the issue of whether Counsel consulted with Movant. "When the client has neither told his attorney to file an appeal nor told her not to file an appeal, courts must evaluate the attorney's performance by asking whether the attorney "consulted" with the defendant about the benefits and drawbacks of bringing an appeal."

5

*Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003). Consultation occurs when the attorney "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Roe*, 528 U.S. at 478. If the counsel failed to consult with her client, his performance will be deemed deficient only when counsel has reason to think either: "(1) that a rational defendant would want to appeal (for example, when there are non-frivolous grounds to appeal); or (2) that his particular defendant reasonably demonstrated that he was interested in appealing." *Id.* at 480.

Accordingly the Court will order an evidentiary hearing to determine the following three issues:

(1) Whether Movant directly requested that Counsel file a notice of appeal and Counsel failed to do so;

(2) If Movant did not directly request the appeal, whether Counsel consulted with Movant about filing a notice of appeal; and

(3) If Counsel did not consult with Movant, whether the failure to consult, by itself, is indicative of deficient performance.

An order consistent with this opinion shall be entered.


Dated: December 9, 2010                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE