UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY RAY SHORT,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:09-CV-622

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter comes before the Court on Jimmy Ray Short's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court.

**I.**

Movant was indicted on one count of possession with intent to distribute fifty grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a) on April 2, 2008. (1:08-CR-95, Dkt. No. 1). Movant waived his right to be prosecuted by indictment and consented to proceed by information. (1:08-CR-95, Dkt. No. 20). The felony information charged Movant with possession with intent to distribute a quantity of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a). (1:08-CR-95, Dkt. No. 16). Movant pled guilty to the felony information and was sentenced on November 24, 2008, to sixty months incarceration followed by three years

1

supervised release. *United States v. Short*, Case No. 1:08-CR-95-1 (W.D. Mich. Nov. 24, 2008). Movant did not appeal and filed this § 2255 motion on July 8, 2009. (Dkt. No. 1). Movant claimed that his counsel was ineffective for failing to file a notice of appeal. An evidentiary hearing was ordered for March 17, 2011. (Dkt. No. 12). The purpose of the evidentiary hearing was to determine three issues: (1) whether Movant directly instructed Counsel to file a notice of appeal, (2) if Movant did not directly request an appeal, whether Counsel consulted Movant about filing a notice of appeal, and (3) if Counsel did not consult with Movant, whether the failure to consult was objectively unreasonable.

## II.

At the evidentiary hearing, the Court heard testimony from Movant, Movant's brother, Kevin Short, and Movant's trial Counsel, James Hills.

Movant testified that immediately after sentencing, he instructed Counsel to file a notice of appeal. Movant testified that during the seven months between sentencing and the filing of this § 2255 motion, he never contacted Counsel or the Court regarding an appeal. However, Movant testified that he did contact his brother and ex-fiancé about an appeal. Movant's brother testified that after sentencing, he heard Movant instruct Counsel to file a notice of appeal. Movant's brother testified that sometime later, Movant asked him if Movant's ex-fiancé had filed an appeal. He testified that because he believed Movant's ex-fiancé was pursuing an appeal, he did not pursue the matter himself.

Counsel testified that he does not recall Movant requesting an appeal, and if Movant had, Counsel did not hear him. Counsel testified that his file did not indicate Movant ever inquired about an appeal and that he did not believe any meritorious issues existed that would warrant an appeal. Counsel also testified that if Movant had requested an appeal, Counsel would have filed one. Counsel testified that he never consulted Movant about an appeal and that after sentencing, he was never contacted by Movant, Movant's brother, or anyone else regarding an appeal.

Counsel testified that both Movant and Movant's brother have spent time at Counsel's home on business and as social guests, and that he considers them friends. Movant, his brother, and Counsel are acquainted on both a professional and a personal level. Movant owned a pool business and had worked on Counsel's pool. After Movant was sentenced, he turned his business over to his brother, and his brother also worked on Counsel's pool. Movant's brother testified that he spoke with Counsel multiple times after sentencing and never inquired about an appeal, despite knowing that no appeal had been filed.

At sentencing, the Court sustained Movant's objection to the two-point increase for possessing a firearm under U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(1) and reduced Movant's guidelines calculation. Counsel testified that he believed receiving the two-point reduction was a generous gesture by the Court, and he did not consider an appeal was warranted for three reasons: (1) the Court intimated reluctance to grant the two-point

3

reduction[1], (2) the Court noted that under the sentencing guidelines, Movant's criminal history was under-represented, and (3) Movant displayed an unfavorable disposition in his pre-sentence report.[2] Counsel also testified that he made a strategic decision to not seek the safety-valve reduction in Movant's guidelines calculation, given the aggravating factors recited against Movant during sentencing.

### III.

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To determine whether counsel's failure to file a notice of appeal was objectively unreasonable, the Court applies the three-part sequential analysis established in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). *Johnson v. United States*, 364 F. App'x 972, 975-76 (6th Cir. 2010).

---

[1] Regarding the firearms and the guidelines calculation, the Court stated "this Court believes that in this case, while it's a close question while one could end up on either side of this issue, the Court believe it's the better part of judgment here to leave this matter off from the calculation." (File No. 1:08-CR-95, Dkt. No. 27 at 7-8).

[2] At sentencing, the Court outlined Movant's persistent disrespect for the law: "Mr. Short indicated his drug of choice is marijuana when he first smoked it at age 18 . . . Within a short period of time he was smoking on a daily basis . . . He reported he last smoked marijuana in February 2007. He advised he will not test positive on supervision, but will return to smoking marijuana after he is off supervision . . . Mr. Short presents himself here as a fifty-one year-old individual, certainly an intelligent individual, who apparently is intent on maintaining a level of participation either in using or possessing and/or distributing controlled substances." (File No. 1:08-CR-95, Dkt. No. 27 at 13).

First, the Court "must determine whether the defendant gave counsel express instructions regarding an appeal." *Id*. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-Ortega*, 528 U.S. at 477 (citations omitted). Movant must show by a preponderance of the evidence that he expressly requested that Counsel file a notice of appeal, and Counsel failed to do so. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). The Court finds that Movant has not established by a preponderance of the evidence that he expressly requested Counsel to file a notice of appeal. Although Movant testified that he expressly instructed Movant to file a notice of appeal, several factors weigh against the veracity of Movant's testimony. In the seven months between sentencing and filing this § 2255 motion, neither Movant or Movant's brother contacted Counsel or the Court regarding an appeal. Even if Movant or his brother contacted Movant's ex-fiancé about an appeal, there was no evidence that she ever contacted Counsel regarding an appeal. The Court believes Counsel's testimony that he would have filed an appeal had he been instructed to do so. Furthermore, the relationship between Movant, Movant's brother and Counsel was not merely that of an attorney and client. Movant and his brother conducted business with Counsel and Movant's brother was a personal friend of Counsel. Given the scope of the relationship between Movant and Movant's brother with Counsel, the Court finds that Movant or his brother would have asked Counsel why he had not filed an appeal had Movant in fact requested one.

Second, because Movant gave no express instruction to file a notice of appeal, the Court must ask "whether counsel consulted with the defendant about an appeal."*Johnson*, 364 F. App'x at 976. Consultation is defined in this context as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. The Court finds that Counsel did not consult Movant. Counsel testified that he did not discuss the advantages and disadvantages of an appeal with Movant.

Third, because Counsel did not consult Movant, the Court must ask "whether the failure to consult was objectively unreasonable." *Johnson*, 364 F. App'x at 976. Counsel's failure to consult is objectively unreasonable if either (1) "a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal)" or (2) "this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. Several factors are pertinent to this analysis:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

*Id*.

The Court finds that a rational defendant in Movant's position would not want to appeal his sentence. Although Movant's guilty plea reserved his right to appeal if the

sentence imposed was above the sentencing guidelines, Movant's sentence was only an upward departure of three months. The upward departure was within the Court's discretion under 18 U.S.C. 3553. Movant's criminal history was not reflected in the guidelines calculation and his pre-sentence report revealed an apparent disrespect for the law. Furthermore, no meritorious claims were available to Movant to bring on appeal. The foregoing reasons demonstrate that a rational defendant in Movant's position would not pursue an appeal.

The Court also finds for the same reasons stated previously that Movant did not reasonably demonstrate to Counsel that he was interested in appealing. *Supra* pp. 4-5.

For the reasons stated herein, the Court finds that Counsel's representation did not fall below an objective standard of reasonableness. Accordingly, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

## IV.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine

whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: <u>April 4, 2011</u>  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE